## HOLT v. KENDALL and others.[1]

### (*Circuit Court, N. D. Illinois.* June 8, 1885.)

**1. PATENTS FOR INVENTIONS—INVALIDITY OF REISSUE.**
    Weymouth's reissued letters patent, No. 10,272, dated April 4, 1882, for an improvement in hay-knives, are void by reason of not being for the same invention specified in the original of March 7, 1871.

**2. SAME—CONSTRUCTION OF PATENT—DESCRIPTION OF THE INVENTION.**
    Where the general description of the nature of an invention, in the beginning of a specification, is not a description of the invention itself, it should be read in connection with the specific directions as to the manner in which the device to which it refers is to be made, and the peculiar characteristics which it is to possess.

In Equity.
*Jesse Cox, Jr.,* and *B. F. Thurston,* for complainant.
*Fletcher & Wanty,* for defendants.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement, by defendants, of reissued patent No. 10,272, dated April 4, 1882, issued to George F. Weymouth, as-

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

signor to complainant, for an "improvement in hay-knives," the original patent having been issued March 7, 1871.

The defenses set up are (1) that the reissued patent is void on the ground that the claims of the original patent have been unwarrantably expanded, and are for a different device than that described in the original; (2) that the original patent and the reissued patent are void for want of novelty; (3) that the defendants do not infringe.

In his specifications in the reissued patent, the patentee says: "My invention consists in a hay-knife containing the features of construction hereinafter set forth and claimed." He then proceeds to describe his hay-knife as a blade having one of its edges outwardly curved, upon which cutting projections are formed, which are sharpened on those edges nearest the blade point. This blade is provided with two handles, which are set off at one side of the blade at right angles to the edge, in such manner as that the hands of the operator will not strike against the sides of the mow as the blade is thrust into the mow when the knife is used; it being intended that the knife is to be thrust endwise into the mow or stack, and worked back and forth, or up and down longitudinally, like a saw, cutting in its forward or downward stroke, by the short knives or saw-like teeth set upon the outward edges of the blade. By reason of the curvature given to the blade, these cutting teeth form a stepped series of knives, so to speak, arranged upon the blade, and retreating, one behind the other, from the point to the heel of the blade; and the claim is:

"A hay-knife, the blade whereof is provided with suitable handles, and has an outwardly curved edge provided with serrations integral with the blade, and sharpened on their edges nearest to the blade-point, substantially as set forth."

It is admitted that the defendant manufactures and sells a hay-knife, the edge of which is indented or scalloped with a series of semi-oval notches, sharpened throughout their entire edges, so that the knife is equally adapted to cutting when being drawn upward or thrust downward; and the handles are placed at right angles to the edge of the blade.

The original device is described in the specifications as follows:

"My invention consists of a long, flat piece of steel, in the shape of a sword, excepting the handle, with little knives on one edge, from the handles to the point, the two handles standing out on one side, with which I thrust the knife perpendicularly into the hay, working it up and down, as I would a saw. * * * I make my knife about one inch in width, and one-fourth of an inch in thickness at the handle, and quite thin at the point, and crooked edgewise, like a broadsword, with tooth-like knives, about an inch long on the outer edge or curve, their points inclining towards the point of the knife. * * * The purpose of the inclination of the knife-teeth, or little knives, is that they may feed themselves."

And the claim of the original patent was for "the improved hay-knife, above described, consisting of the curved blade, A, having knife-

edged serrations, B, and handles, C, C, placed as shown, all substantially as specified."

It certainly does not require a very close criticism of the claim of the reissued patent to see that it is made to cover a device not covered by the original patent. The claim of the original patent certainly required that the points of the knife-edged serrations or teeth should incline downward, towards the point of the blade, and that the short or lower side of these teeth should form a slightly acute angle with the line of the blade. This form of constructing the teeth, and their relation to the line of the blade, is so clearly indicated by the drawings and model as to leave no doubt as to how the patentee intended to shape his blade, and the teeth upon the blade. The original claim also required the handles to be "placed as shown," and undoubtedly, under this requirement, the patentee was restricted to a knife with the handles placed as shown in his drawing and model, and it covered no other kind of knife; while the claim of the reissued patent allows the blade to be provided with "suitable handles," and simply requires that the curved edge shall be provided with serrations, but wholly omits any specific directions as to how the handles shall be placed, and any direction as to the shape of the serrations, or the direction of their points. There is no room for doubt that the claim of the reissued patent would cover a different knife from that covered by the claim of the original. Under the original patent only a knife with serrations of the particular shape shown and described was protected, while the reissued patent allows any shaped serrations, if they are only integral with the blade, that is formed by cutting or notching into the blade.

It was argued with much ingenuity upon the hearing that the original patent covered a knife like that manufactured by the defendant, because the patentee says: "My invention consists of a long, flat piece of steel, in the shape of a sword, excepting the handle, with little knives on the edge, from the handles to the point, and two handles standing out on one side." But this general description of the nature of his invention is not the description of the invention itself, as contained in the specifications further on, and which not only instruct the public how to make a knife like that invented by the patentee, but also give specific directions as to certain characteristics which the knife must possess, among which is that of requiring the points of the teeth to point towards the point of the blade; and the specific reason is given why these teeth should have this inclination. If only the original patent was now in force, it seems to me there could be no doubt that the defendants could manufacture and sell their hay-knife, with the notched or scalloped edge, with impunity, as the defendants' handles are not placed as shown in the original patent, and the points of the teeth do not incline towards the point of the blade. These limitations upon his invention in the original patent may have been uncalled for by the state of the art at the

time the original patent was issued, and the inventor may have unnecessarily limited the scope of his device by his description; but the proof shows that he was content with his patent as originally issued for upwards of 11 years, and only obtained this reissue after the defendants' knife had been brought upon the market, and become a dangerous competitor.

If the essential feature of Weymouth's invention was the notched blade, and by a reissue complainant could cover a blade with teeth or serrations of any shape, he might also, with equal propriety, have covered any shaped blade, and could yet reissue so as to cover a straight blade. It therefore seems to me that this reissue comes clearly within the late cases in the supreme court holding that a patent cannot be reissued with expanded claims, unless it is done within two years from the date of the original patent. *Mahn v. Harwood*, 112 U. S. 354; S. C. 5 Sup. Ct. Rep. 174; *Union Metallic Cartridge Co.* v. *United States Cartridge Co.*, 112 U. S. 624; S. C. 5 Sup. Ct. Rep. 475; *Torrent Arms Lumber Co.* v. *Rodgers*, 112 U. S. 659; S. C. 5 Sup. Ct. Rep. 501.

Without examining, then, or definitely passing upon the question of novelty raised in the pleadings and proof, it is sufficient to say that I feel compelled, under the authorities and testimony in the case, to hold this reissue void, upon the ground that by it the original patent has been unduly expanded and enlarged.

The bill is dismissed for want of equity.